**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

REGINA DEIPARINE, as Personal
Representative of the ESTATE OF ROLANDO
B. DEIPARINE, M.D.,

                Plaintiff,

-vs-                                          Case No. 6:10-cv-677-Orl-28GJK

SIEMENS MEDICAL SOLUTIONS USA INC.,
COVIDIEN, INC., MALLINCKRODT INC.,
LIEBEL-FLARSHEIM COMPANY, and
TYCO HEALTHCARE GROUP, LP,

                Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND TO SEEK A CLAIM FOR PUNITIVE DAMAGES (Doc. No. 34)** |
| **FILED:** | September 7, 2010 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

**I.    BACKGROUND**

    On April 29, 2010, this case was removed from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. Doc. No. 1. Regina Deiparine ("Plaintiff"), as

Personal Representative of the Estate of Rolando B. Deiparine, M.D. ("Dr. Deiparine"), deceased, filed a complaint (the "Complaint") for wrongful death against Siemens Medical Solutions USA, Inc. ("Siemens"), Covidien, Inc. ("Covidien"), Mallinckrodt, Inc. ("Mallinckrodt"), Liebel-Flarsheim Company ("Liebel") and Tyco Healthcare Group, LP ("Tyco") (collectively, the "Defendants"). Doc. No. 2. On September 7, 2010, Plaintiff filed an Amended Motion for Leave to Amend to Seek a Claim [for] Punitive Damages (the "Motion") and attached a proposed amended complaint (the "Amended Complaint"). Doc. No. 34.[1]

In the Amended Complaint, Plaintiff alleges that Covidien, Mallinckrodt, and Liebel/Tyco[2] (herein, the "Liebel Defendants") "are related alter-ego/subsidiary/mutual agent corporations . . . engaged in the design, manufacture and sale of a product known as the Angiomat Illumena Contrast Delivery System (the "Angiomat"). Doc. No. 34 at 6. Siemens "marketed, inspected, sold and serviced the Angiomat." *Id.* Plaintiff states the Angiomat "is designed to inject a radiopague medium into a patient's vascular system for angiographic procedures." *Id.* Plaintiff states: "If the operator of an Angiomat machine does not fill the syringe with die [sic] and if the machine is activated by mistake, the Angiomat will inject air into the patient's body" which "will cause the patient to die immediately." *Id.*

Plaintiff alleges that at all relevant times, the Defendants knew that: 1) if the Angiomat is activated before it is loaded with dye, it will inject air into the patient's blood stream; the injection of air into the patient's body would cause immediate death; there were air detection safety device designs available for the Defendants to use with the Angiomats, which would

---

[1] On August 30, 2010, Plaintiff filed a Motion for Leave to Amend to Seek a Claim [for] Punitive Damages, which the Court denied as moot after the filing of the amended Motion. Doc. Nos. 30, 39.
[2] Liebel was doing business using Tyco as a trade name. Doc. No. 34 at 6.

2

identify an empty syringe, block the activation of the Angiomat and preclude the injection of air into the patient's blood stream; and nevertheless, Defendants chose not to incorporate such safety devices into the Angiomats at issue in this case. Doc. No. 34 at 7-8.

Plaintiff alleges that at some point prior to February 27, 2008, Halifax Medical Center ("Halifax") in Daytona Beach, Florida purchased an Angiomat from Siemens, which was designed, manufactured and sold by Liebel Defendants. Doc. No. 34 at 8.  That particular Angiomat did not have an air detection safety device. *Id.*  Plaintiff alleges that Siemens did not add an air detection safety device or warn the Halifax staff about the hazards of operating the Angiomat without an air detection safety device. *Id.*  On February 27, 2008, Dr. Deiparine presented to Halifax to undergo an angiographic procedure. *Id.* Plaintiff states that the operator of the Angiomat activated the machine prior to it being loaded with dye. *Id.* at 9.  Plaintiff alleges that the Angiomat did not give any warning that it was not loaded with dye, it did not block or shut itself down, and it injected air into Dr. Deiparine's blood stream. *Id.*  Plaintiff states that as a result, Dr. Deiparine died instantly. *Id.*

Counts I through IV of the Amended Complaint assert strict liability claims against each of the Defendants. Doc. No. 34 at 9-15.[3]  Plaintiff alleges that each Defendant was in the business of manufacturing and/or selling medical machines, such as the Angiomat. *Id.*  Plaintiff alleges that the Angiomat was defective and in an unreasonably dangerous condition which caused the death of Dr. Deiparine *Id.*

---

[3] Count I alleges strict liability against Covidien; Count II alleges strict liability against Siemens; Count III alleges strict liability against Mallinckrodt; and Count IV alleges strict liability against Tyco/Liebel. *Id.*

Counts V, VI, VII and VIII of the Amended Complaint assert negligence claims against each Defendant. Doc. No. 34 at 15-22.[4] Plaintiff alleges that each of the Defendants owed Plaintiff a duty of care to act reasonably and to avoid actions that would expose Dr. Deiparine to unnecessary danger of harm, and Defendants violated that duty. Doc. No. 34 at 15-22. Specifically, Plaintiff maintains that each Defendant violated that duty of care by: negligently designing, manufacturing, selling, delivering, inspecting and/or servicing an Angiomat machine without an air detection safety device "when the defendant knew or should have known that the lack of an air detection safety device unnecessarily exposed patients to the danger of inadvertent air injection and death." *Id.* In each count, Plaintiff seeks damages authorized under Florida Statute § 768.21 "for loss of support and services, companionship, and protection and for mental pain and suffering in the past and in the future, and for the estate, loss of net accumulations." Doc. No. 34 at 15-22.

Plaintiff requests leave to amend her Complaint to seek punitive damages. Doc. No. 34 at 2. Plaintiff maintains that claims for punitive damages in Florida state courts are governed by Florida Statute § 768.72. Doc. No. 34 at 2. However, Plaintiff maintains that Section 768.72 is not applicable in federal diversity actions because it "conflicts with and must yield to the 'short and plain statement' rule contained in Federal Rule of Civil Procedure 8(a)(3), and as a result, a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages." Doc. No. 34 at 2 (citing *Cohen v. Office Depot*, 204 F.3d 1069, 1072 (11th Cir. 2000)).

---

[4] Count V alleges negligence against Siemens; Count VI alleges negligence against Covidien; Count VII alleges negligence against Mallinckrodt; and Count VIII alleges negligence against Tyco/Liebel. Doc. No. 34 at 15-22. The Complaint does not contain a Count VII. Doc. No. 2 at 13-16.

4

On September 9, 2010, Defendants filed a response ("Response") in opposition to the Motion. Doc. No. 37. Defendants maintain that under Federal Rule of Civil Procedure 15(a), the Court may deny leave to amend a complaint "when such amendment would be futile" and argue denial of the Motion on that basis is appropriate. *Id.* at 2 (citing *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005)). Defendants maintain Plaintiff's Motion is futile because the Amended Complaint fails to properly plead a claim for punitive damages. Doc. No. 37 at 3. Defendants argue that the substantive pleading requirement of Florida Statute § 768.72, which requires record evidence or a proffer that demonstrates a reasonable basis for an award of punitive damages, applies to this case because it does not conflict with Federal Rule of Civil Procedure 8(a)(2). *Id.* (citing *McFarland v. Conseco Life Ins.*, 2009 WL 3231634, *1 (M.D. Fla. Oct. 2, 2009)). Defendants state that punitive damages are appropriate where "a defendant's conduct is fraudulent, deliberately violent or oppressive, malicious, or committed with such gross negligence as to indicate a wanton disregard for the rights of others." *Id.* at 4 (quoting *Domke v. McNeil-P.P.C., Inc.*, 939 F.Supp. 849, 852 (M.D. Fla. 1996)). Defendants argue that Plaintiff's Amended Complaint only alleges mere negligence and does not allege misconduct that would warrant an award of punitive damages. Doc. No. 37 at 4. Accordingly, Defendants maintain that Plaintiff's Motion should be denied as futile. *Id.*

## II.  ANALYSIS

Rule 8(a), Federal Rules of Civil Procedure, states that a claim for relief must contain . . . "(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)-(3).

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court may deny leave to amend "when such amendment would be futile." *Sibley*, 437 F.3d at 1073.

Florida Statute § 768.72 addresses claims for punitive damages and states:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

Fla. Stat. § 768.72.

The Eleventh Circuit addressed whether the requirements of Florida Statute § 768.72 apply in federal court in the case of *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1295-99 (11th Cir. 1999), *vacated in part on other grounds, Cohen*, 204 F.3d at 1072. The court noted that the Florida Supreme Court has held that Florida Statute § 768.72 required dismissal of a request for punitive damages asserted without leave of court. *Id.* at 1295 (citing *Simeon, Inc. v. Cox*, 671 So.2d 158, 160 (Fla. 1996)). In determining whether Florida Statute § 768.72 applies in federal court, the court stated:

> Under *Hanna*, the proper question to ask is not whether the state law provision is procedural or substantive; instead, the court must ask whether the state law provision conflicts with a federal procedural rule. If it does, the federal procedural rule applies and the state provision does not.

*Cohen*, 184 F.3d at 1296. (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). The court held that Florida Statute § 768.72 conflicts with Federal Rule of Civil Procedure 8(a)(3), stating:

> Rule 8(a)(3) allows a plaintiff to request in her initial complaint all the relief she seeks, it says "implicitly, but with unmistakable clarity" that a plaintiff is not required to wait until a later stage of litigation to include a prayer for punitive damages, nor is she required to proffer evidence or obtain leave of court before doing so. In short, Rule 8(a)(3) occupies the field in which the pleading portion of § 768.72 would otherwise operate, leaving no room for it. The two provisions do conflict.

*Cohen*, 184 F.3d at 1299 (emphasis added). Therefore, a plaintiff in federal court need not obtain leave of court or proffer evidence before pleading a claim for punitive damages. *Cohen*, 184 F.3d at 1298-99.

In a later Eleventh Circuit opinion, *Porter v. Ogden, Newell & Welch, et al*, 141 F.3d 1334 (11th Cir. 2001), the defendants argued that the district court erred in affirming the magistrate judge's order allowing the Trustees to obtain confidential financial worth documents from the defendants in support of the Trustees' claim for punitive damages. *Porter*, 141 F.3d at 1340. The defendants argued that: 1) the magistrate judge failed to find that a reasonable basis existed for the punitive damages claim; and 2) "the Trustees failed to establish a reasonable basis because they did not allege facts outside of the complaint and, alternatively, did not allege sufficient facts to support a punitive damages claim." *Id.* The Eleventh Circuit disagreed. *Id.* The court noted that Section 768.72 "has a discovery component which states that '[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.'" *Id.* (citing Fla. Stat. § 768.72). The defendants argued that the Trustees were required to produce evidence or make a proffer of evidence that shows a reasonable basis for a punitive damages claim. *Porter*, 141 F.3d at 1340. Because the Eleventh Circuit determined that

7

the Trustees made a proffer of evidence that reasonably supported their claim, the court did not determine whether or not federal discovery rules preempted Section 768.72. *Id.*  However, the court also noted:

> Under Florida law, merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages. *See T.W.M. v. American Medical Sys., Inc.*, 886 F.Supp. 842, 845 (N.D. Fla. 1995); *Bankest Imports, Inc. v. ISCA Corp.*, 717 F.Supp. 1537, 1542-43 (S.D. Fla. 1989). Instead, a plaintiff must plead specific acts committed by a defendant. *See Bankest Imports*, 717 F.Supp. at 1542-43.

*Porter*, 241 F.3d at 1341. *See also McFarland*, 2009 WL 3231634, at *1.  Thus, to state a claim for punitive damages, a plaintiff must allege specific acts, not merely conclusory allegations. *Id.*

In *Domke*, the court held:

> <u>Punitive damages are appropriate when a defendant's conduct is</u> fraudulent, deliberately violent or oppressive, malicious, or <u>committed with such gross negligence as to indicate a wanton disregard for the rights of others</u>. *W.R. Grace & Co. v. Waters*, 638 So.2d 502 (Fla.1994) [citing *White Contr. Co. v. Dupont*, 455 So.2d 1026, 1028-29 (Fla.1984); *Winn & Lovett Grocery Co. v. Archer*, 126 Fla. 308, 327, 171 So. 214, 221 (1936) ]. <u>The requisite evil intent may be inferred from the defendant's having pursued a course of action in wanton disregard of the consequences</u>. *Johns-Manville Sales Corp. v. Janssens*, 463 So.2d 242, 247 (Fla. 1st DCA 1984). Accordingly, <u>punitive damages may be imposed when the defendant knows of the defect but chooses not to remedy the dangerous condition</u>. *Toyota Motor Co., Ltd. v. Moll*, 438 So.2d 192 (Fla. 4th DCA 1981).

*Domke*, 939 F.Supp. at 852 (emphasis added). *See also Moll*, 438 So.2d at 194 ("[P]unitive damages . . . [are] allowed where the defendant had knowledge of a defect or dangerous condition and chose not to remedy the condition.") (quoting *American Motors Corp. v. Ellis*, 403 So.2d 459, 468 (Fla. 5th DCA 1981)).

In this case, Plaintiff alleges that at all relevant times, the Defendants knew that 1) if the Angiomat is activated before it is loaded with dye, it will inject air into the patient's blood stream; the injection of air into a patient's body would cause immediate death; there were air detection safety device designs available, which would preclude the injection of air into the patient's blood stream; and Defendants nevertheless chose not to incorporate such safety devices into the Angiomat at issue in this case. Doc. No. 34 at 7-8.  In short, Plaintiff alleges that the Angiomat was "defective and in an unreasonably dangerous condition" and the Defendants "*knew or should have known* that the lack of an air detection safety device unnecessarily exposed patients to the danger of inadvertent air injection and death." *Id.* at 15-22 (emphasis added). Based on these allegations, it is recommended that the Court find Plaintiff has alleged a reasonable basis for the recovery of punitive damages and, therefore, the Motion is not futile. *Moll*, 438 So.2d at 194.[5]  Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 34) be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 2, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[5] Each of Plaintiff's counts is labeled either "Negligence" or "Strict Liability." Doc. No. 34. However, it is the facts alleged that are determinative rather than any conclusory allegations or labels used by the Plaintiff. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1263 (11th Cir. 2004); *Rich v. City of Jacksonville*, 2010 WL 4403095, at *2 (M.D. Fla. Mar. 31, 2010).